*T. P. Proctor & W. W. Warren,* for the plaintiff.

---

### John S. Dennis *vs.* Edward Maxfield & others.

If a written contract by which the master of a whaling ship is employed provides that he shall have a certain "lay" on the proceeds and also an additional compensation depending upon the amount of the cargo, and he is wrongfully discharged by the owners before the expiration of the contract, he may recover, as a part of his damages, his share of the earnings of the ship both before and after his removal.

A party cannot except to an erroneous instruction which is given to the jury at his request.

Contract brought by the master against the owners of the whaling ship Harrison, to recover damages for a breach of a contract by which they had employed him for a whaling voyage. The contract was contained in a shipping paper, for " a whaling voyage of five years' duration from the sailing of the said ship from the port of New Bedford, unless said ship shall sooner return to said port and the voyage be terminated;" and in a written agreement by which it was provided as follows : " The said Dennis agreeing on his part to perform a whaling voyage as master of the said ship Harrison, to the best of his ability and knowledge; and the said Maxfield as agent on his part agrees to pay for the services of the said Dennis in the manner

following: One fourteenth lay on net proceeds of whole cargo, and one dollar per barrel on all sperm oil taken. In addition to the above, to have five hundred dollars if the cargo amounts to $70,000; and $1000 to be added when it shall amount to $90,000; and $2000 more to be added to the aforesaid amount when the cargo amounts to $100,000. Also to have one hundred dollars for each and every thousand dollars that the cargo may exceed one hundred thousand dollars."

The declaration averred that the plaintiff sailed from New Bedford, in pursuance of the above contract, on the 17th of May 1858, and well and truly performed his duty until the 20th of November 1860, when the defendants wrongfully deposed and removed him at the Sandwich Islands.

At the trial in this court, before *Gray*, J., the plaintiff claimed damages, and offered evidence tending to show the same, occasioned to him by the removal, for depriving him of his share of the earnings of the ship before his removal, and for preventing him from receiving his share of the future earnings of the ship on the same voyage, according to the terms of the agreement. The judge was inclined to the opinion that the removal could not deprive him of his share of the previous earnings, and by agreement of the parties this item was not submitted to the jury; but, if this opinion was erroneous, the item was to be referred to an assessor, and the amount found by him added to the verdict, in case the plaintiff should prevail. No evidence was introduced of what the Harrison actually earned after the plaintiff left her, but he introduced other testimony in support of this item of his claim. The defendants objected that the future earnings were merely contingent profits, which could not be a subject of damages in this action; but the objection was overruled.

The court gave instructions to the jury upon what would justify the removal of the plaintiff, and upon the measure of damages in other respects, which were not excepted to. The jury were also instructed, at the request of the defendants, that if the defendants had been injured by any negligence of the plaintiff in the conduct of the voyage, not sufficient, under the other

instructions given, to justify his removal and prevent him from maintaining his action, then damages might be recouped or deducted from the damages, if any, which they should find the plaintiff to have sustained by the removal. But by consent of both parties, and in order to avoid disturbing the verdict on the main question, the jury were requested, in case they should make any such deduction or recoupment, to return the amount thereof with their verdict.

The jury returned a verdict for the plaintiff, and assessed damages in the sum of $1120.85 ; and further returned that in assessing these damages they had recouped or set off from the sum originally found by them the sum of $1036.44 as damages caused to the defendants by "mismanagement and neglect of duty" on the part of the plaintiff. The defendants objected to this verdict before it was affirmed, upon the ground that it showed that the plaintiff had no right to maintain his action. But the verdict was affirmed and recorded. The question whether the judgment upon this verdict should be for the plaintiff or for the defendants, and if for the plaintiff, then whether for the sum of $1120.85 or for the sum of $2157.29, was reserved at the request of the parties for the determination of the whole court.

*J. C. Dodge*, for the defendants. The future earnings of the ship were mere contingent profits ; and the plaintiff's claim to share in them is to share in possible profits which he might have made out of possible future catchings. There could be no adequate or trustworthy basis upon which a computation of such damages could be founded. For aught that could be made to appear, the plaintiff was benefited instead of injured, by saving his time and labor for the unexpired portion of the contract. See *Brown* v. *Smith*, 12 Cush. 366 ; *Johnson* v. *Arnold*, 2 Cush. 46 ; *Flureau* v. *Thornhill*, 2 W. Bl. 1078 ; *Thompson* v. *Shattuck*, 2 Met. 615 ; *Blanchard* v. *Ely*, 21 Wend. 342 ; *Cummins* v. *Spruance*, 4 Harring. (Del.) 315 ; *Smith* v. *Condry*, 1 How. 28, 35 ; *The Lively*, 1 Gallis. 315, 325 ; *The Amiable Nancy*, 3 Wheat. 546, 560 ; *La Amistad de Rues*, 5 Wheat. 385. The verdict should be entered for the defendants on the finding of the jury. The owners

were justified in removing a master who by mismanagement and neglect of duty had injured them to the extent found. The plaintiff cannot recover as damages his share of the earnings before his removal. His right to share in the previous catchings was not and could not be affected by the removal. *Bates* v. *Seabury*, Sprague's Decis. 433.

G. A. *Somerby*, for the plaintiff, cited *Brown* v. *Smith*, 12 Cush. 366; *Fox* v. *Harding*, 7 Cush. 516; *Johnson* v. *Arnold*, 2 Cush. 46; *Baxter* v. *Rodman*, 3 Pick. 435; *Masterton* v. *Mayor*, *&c. of Brooklyn*, 7 Hill, 61; *Clark* v. *Mayor*, *&c. of New York*, 4 Comst. 338.

BIGELOW, C. J. Of the several rulings made at the trial of this case, three only seem to be open for revision on the exceptions.

1. The first relates to the right of the plaintiff to recover in this action the amount of his share of the earnings which had accrued under his contract with the defendants prior to his removal by them from the command of the vessel. The action is brought for a breach of an entire contract for services. The plaintiff has a right to recover as damages the amount which is lawfully due to him under the stipulations by which his compensation for these services was to be regulated and governed. This includes the wages which he had earned previous to his removal, as well as those which he was prevented from earning by his wrongful discharge. The breach of the contract by the defendants has created only one cause of action in favor of the plaintiff. His compensation for this breach necessarily embraces all that he is entitled to recover under the contract. Indeed his right to recover anything, as well that which was earned before as that which would have been earned if he had not been discharged, depends on the question whether he has performed his part of the contract. A party cannot sever a claim for damages arising under one contract so as to make two distinct and substantive causes of action. We are therefore all of opinion that the sum due to the plaintiff prior to his discharge, when it shall have been ascertained by an assessor, ought to be added to the amount of the verdict.

2. We think it equally clear that the plaintiff is entitled tc recover in this action his share or proportion of the future profits or earnings of the vessel after his discharge by the defendants. These constitute a valid claim for damages, because the parties have expressly stipulated that profits should be the basis on which a portion of the plaintiff's compensation for services should be reckoned. These earnings or profits were therefore within the direct contemplation of the parties, when the contract was entered into. They are undoubtedly in their nature contingent and speculative and difficult of estimation; but, being made by express agreement of the parties of the essence of the contract, we do not see how they can be excluded in ascertaining the compensation to which the plaintiff is entitled. Would it be a good bar to a claim for damages for breach of articles of copartnership, that the profits of the contemplated business were uncertain, contingent and difficult of proof, and could it be held for this reason that no recovery could be had in case of a breach of such a contract? Or in an action on a policy of insurance on profits, would it be a valid defence in the event of loss to say that no damages could be claimed or proved because the subject of insurance was merely speculative, and the *data* on which the profits must be calculated were necessarily inadequate and insufficient to constitute a safe basis on which to rest a claim for indemnity? The answer is, that in such cases the parties, having by their contract adopted a contingent, uncertain and specu lative measure of damages, must abide by it, and courts and juries must approximate as nearly as possible to the truth in endeavoring to ascertain the amount which a party may be entitled to recover on such a contract in the event of a breach. If this is not the rule of law, we do not see that there is any alternative short of declaring that where parties negotiate for compensation or indemnity in the form of an agreement for profits or a share of them, no recovery can be had on such a contract in a court of law — a proposition which is manifestly absurd.

There are doubtless many cases where no claim for a loss of profits can properly constitute an element of damage in an action for breach of a contract. These however are cases in

which there was no stipulation for compensation by a share of the profits, and where they were not within the contemplation of the parties, and did not form a natural, necessary or proximate result of a breach of the contract declared on. *Fox* v. *Harding*, 7 Cush. 516. But these cases are no authority for the broad proposition that in no case whatever can profits be included in estimating damages for a breach of a contract. In *Johnson* v. *Arnold*, 2 Cush. 46, cited by the defendants' counsel, the court decided only that, in an action for breach of contract for services, by which it was agreed that a party should be compensated by a share of the profits, the damages were not to be limited exclusively to the loss of profits, but might include other elements, if satisfactorily proved. In *Brown* v. *Smith*, 12 Cush. 366, the action was against the master of a whaling vessel for misconduct and mismanagement, by which the voyage was broken up. It was held that no conjectural or possible profits of the voyage could be taken into consideration in estimating the damages. This decision stands on the ground that there were no stipulations in the contract concerning profits, nor were they, so far as appeared, in contemplation of the parties when the contract was made, nor a necessary or proximate consequence of its breach. Besides ; it was only a claim for conjectural or possible profits which was rejected by the court in that case, and not profits which were capable of being proved by competent evidence, as in the case at bar.

3. The remaining ground of exception is to the instruction given to the jury that, if the defendants had been injured by any negligence of the plaintiff in the conduct of the voyage, not sufficient to justify his removal and prevent him from maintaining his action, then damages might be recouped or deducted from the damages, if any, which they should find that the plaintiff had sustained by his removal. We doubt very much the correctness of this instruction. It seems to involve the proposition that the plaintiff could recover damages for a breach of the contract, although he had previously been guilty of violating his part of the agreement. But the instruction was given at the express request of the defendants' counsel. It was the rule of

law by which he wished the rights of his clients to be tried and determined. His request having been complied with, and the rule of law adopted in conformity therewith, he must now be held to be estopped from objecting to it. As the plaintiff makes no objection to the ruling, and is willing to take the smaller sum found by the jury after making the deduction for which the counsel for the defendants asked, we are of opinion that the verdict must stand affirmed for that sum. *Exceptions overruled.*